CaRUTHERS, J.,
delivered the opinion of the Court.
The defendant held himself out as a surgeon and physician, and, as such, was called in by the plaintiff to treat a case of dislocation or fracture of the arm, occasioned by a fall from a horse. He adopted a course of treatment, as it is charged, which resulted in serious and permanent injury to the plaintiff. Eor the injury thus produced by such unsuccessful treatment, this action to recover damages was brought. It seems, from the proof, that the plaintiff or his friends very soon, perhaps after the first or second visit, became dissatisfied, and called in other physicians, and dismissed the defendant. A good deal of professional and other evidence was adduced on the subject of the proper mode of treating such a case, professional etiquette, etc. The jury found a verdict against the defendant, and assessed the damages at one thousand dollars, for which judgment was given. A motion for a new trial having been overruled, the defendant appealed in error to this Court.
If the law was correctly charged, there is no ground upon which the judgment can be reversed. The charge of his Honor is, in substance, that any one who assumes to be qualified for the exercise of any profession, art, or *67 vocation, is responsible for any damage wbicb may result to those who employ him from the want of the necessary and proper knowledge, skill, and science wbicb sucb profession demands. A man who enters upon the legal profession and solicits business, is required'to have sucb an amount of legal learning as will enable him to discharge with reasonable skill and ability the duties incumbent upon him in bis profession. If, from the want of sucb knowledge and skill, or a proper degree of industry, diligence, and attention to the business intrusted to him, bis client sustains injury, be is responsible in damages. The same rule applies to a physician. He impliedly contracts with those who employ him that be has sucb skill, science, and information as will enable him properly and judiciously to perform the duties of bis calling. If be should be deficient in these respects, be has violated bis contract, and must account, in damages, for any malpractice by wbicb those who employ him sustain injury. This is the general rule applicable to all professions and avocations in wbicb men are employed to act for others in any particular department of business requiring skill, art, or science. The law does not, however, require the highest degree of skill and science, but only sucb reasonable degree as will enable the person safely and discreetly to discharge the duties assumed. The failure of a course of treatment is not by any means conclusive of that want of professional skill by the practitioner: sucb a rule would be harsh and unreasonable in application to any art or profession, and endanger the most faithful and best-informed.
In application to this particular case, the Court instructed the jury that the defendant was only responsible *68 for his own conduct, and not for that of those who succeeded him in the management of the case.
It is objected to this part of the charge, that it does not specifically instruct the jury that if the same treatment commenced by the defendant was continued subsequently by other physicians, and that it evinced a want of reasonable skill from which the injury resulted, the defendant, if liable at all, should only be held responsible for a just proportion of the damages. If this had been proper, it would have been the duty of the defendant to have called for it, before the Court can be put in error. But we are not aware of any principle which would justify such a charge. He certainly went far enough when he told the jury that the defendant was not liable for the conduct of others, but only for the injury produced by his own want of skill or judicious treatment. If the fact were so, it would be no excuse for him that others were equally unskilful, and continued his malpractice. "We think ,the charge laid down the law correctly in every respect.
There is no profession in which the members should be held more strictly liable for want of proper skill and science, and due and faithful attention to their duties, than that of medicine. The health and lives of the people are in their hands, and but few are qualified to judge of their pretensions.
Judgment is affirmed.